UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

CIVIL ACTION NO. 06-73-GWU

DEBBIE L. BRADLEY, PLAINTIFF,

VS.  **MEMORANDUM OPINION**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY, DEFENDANT.

Bradley's counsel has filed a motion for attorney's fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. Section 2412, seeking $125.00 per hour for 25.80 hours of work performed in appealing the administrative denial of her client's claim for benefits. The defendant requests that the number of hours be reduced by 4.3 hours to 21.50 hours, asserting that "EAJA provides compensation for the work done on the case only in federal court." Commissioner's Opposition to Plaintiff's Application for Attorney's Fees Pursuant to 28 U.S.C. Section 2412(d), Docket Entry No. 11, p. 4.

Although no case law is cited in support of the Commissioner's contention, it is clear that EAJA fees may not be awarded for administrative proceedings. Willis v. Sullivan, 931 F. 2nd 390, 400 (6th Cir. 1991). The relevant portion of the statute provides that " . . . a court shall award to a prevailing party . . . fees and other expenses . . . incurred by that party in any civil action . . ., including proceedings for judicial review of agency action . . . ." 28 U.S.C. Section 2412(d)(1)(A).

1

06-73 Bradley

The Commissioner's brief does not identify with specificity the items to which he is objecting, but the court assumes that reference is made to the first five items listed on the "Statement of Services Rendered" provided by plaintiff's counsel. Docket Entry No. 10-6, p. 1. These items total 4.3 hours, and are described as: (1) "Receive, review Appeals Council Decision; notes to file; planning and analysis re federal court action;" (2) "Review file; letter to Ms. Bradley;" (3) "Review file; planning and analysis re federal court;" (4) "Review file; attention to in forma pauperis issues;" and (5) "Attention to legal issues; date last insured." Id.

Since all these items occurred after the Appeals Council decision, they may reasonably be viewed as "fees and other expenses . . . incurred by [the prevailing] party in any civil action."[1] Certainly the items listed by plaintiff's counsel are necessary components of bringing a civil action; nor could they have been compensated as "administrative proceedings." There were no further administrative proceedings available to the plaintiff after the Appeals Council declined to review the Administrative Law Judge's decision. To hold otherwise would result in, for

---

[1] As the Supreme Court noted in another context in discussing EAJA: "The rationale for the awarding of fees following remand was that the division of EAJA into 'adversary actions' and 'civil actions' 'does not . . . preclude a reading of the term "civil action" which includes administrative proceedings necessary to the completion of a civil action." Sullivan v. Hudson, 490 U.S. 877, 890-2 (1989) (citations omitted). Therefore, it would seem that not all compensable hours under EAJA must of necessity be in proceedings directly before the court; but they must be necessary to the completion of the civil action.

2

06-73 Bradley

example, an attorney's activity of obtaining financial information for a motion to proceed in forma pauperis noncompensable, an irrational result.

In the absence of specific supporting case law, the Commissioner's position is rejected.

A separate order will be entered awarding plaintiff's counsel $3,225.00 for 25.80 hours of work at $125.00 per hour.

This the 8th day of August, 2007.

Signed By:

G. Wix Unthank

United States Senior Judge